Dear Mr. Kenneth Masters
You have asked for our opinion whether any statute or constitutional provision prevents the General Assembly from enacting legislation that would permit a defendant in a medical malpractice action to request or compel a change of venue as a matter of right.
In our opinion, the Maryland Constitution precludes the Legislature from enacting legislation that confers an automatic right of removal for a defendant in a medical malpractice action. If the State Constitution were amended to eliminate that obstacle, no other constitutional or statutory provision would preclude the enactment of such legislation.
 I Discussion
A. Constitutional Provisions
Prior to 1980, the State Constitution conferred on civil litigants an automatic right to a change of venue. In particular, it provided, in pertinent part:
 The parties to any cause may submit the same to the court for determination without the aid of a jury, and in all suits or actions at law, . . . upon a suggestion in writing under oath of either of the parties . . . that such party cannot have a fair and impartial trial in the court in which the same may be pending, the said court shall order and direct the record of proceedings in such suit or action . . . to be transmitted to some other court having jurisdiction in such case for trial . . . and the General Assembly shall make such modification of existing law as may be necessary to regulate and give force to this provision.
Maryland Constitution, Article IV, § 8 (Constitution of 1867, as amended by Chapter 364, Laws of Maryland 1874 ratified by the voters November 2, 1875). As is evident, if a defendant requested removal, the court was obliged to transfer the case to another court.
In 1975, the Court of Appeals held that this provision was unconstitutional under the Equal Protection Clause of theFourteenth Amendment of the United States Constitution. Davidson v. Miller, 276 Md. 54, 344 A.2d 422 (1975). The Court noted that, on its face, the provision appeared to give all civil law litigants one automatic right of removal from the court in which the action was originally filed. However, in reality, the provision treated those subject to suit in Baltimore City differently than those sued in the counties because of the unique court structure in the city at that time.
In particular, when the right of removal was exercised in the circuit courts of any of the 23 counties, the case would be transferred to another county or Baltimore City.[1] However, there were at that time three civil common law circuit-level courts in Baltimore City, staffed by the same judges and drawing upon the same jury pool. The Court summarized the consequences of this court organization on the right of removal:
 As a result, while removal from a county circuit court necessarily places the case in the circuit court of another county or Baltimore City, guaranteeing a new jury selected from an entirely different locality, when the case originates in one of the circuit-level civil law courts in Baltimore City and the constitutionally provided automatic right of removal in civil cases is utilized, then it is satisfied if the judge so exercises his discretion . . . simply by a transferral from that court to another common law court in Baltimore City. . . . This can and sometimes does result in the case being tried by a jury drawn from the same panel the litigant attempted to avoid. In reality, then, usually no removal whatsoever takes place except one strictly on paper. . . .
276 Md. at 66-67 (footnote omitted). The Court held that there was no rational basis for the difference in treatment of litigants in Baltimore City compared to those in other jurisdictions in the State and that the automatic removal provision of Article IV, § 8 therefore violated the Equal Protection Clause. 276 Md. at 82.
In response to the Davidson decision, the Legislature passed two amendments to the State Constitution, which were both ratified by the voters on November 4, 1980. Chapters 523, 524, Laws of Maryland 1980.[2] One amendment effected the consolidation of the various circuit-level courts in Baltimore City, thus harmonizing the structure of its circuit court with those in the counties. The other amendment eliminated the language in Article IV, § 8, struck down in Davidson, that conferred an automatic right of removal in civil cases, and replaced it with a provision entrusting the decision on removal to the discretion of the court. See Andrews v. Governor, 294 Md. 285, 286-88, 449 A.2d 1144
(1982) (summarizing 1980 constitutional amendments). The change of venue provision was made discretionary with the court out of a concern that an absolute right of removal would result in a large number of petitions to remove cases out of Baltimore City to the detriment of judicial efficiency and minority litigants. See Andrews, 294 Md. at 299-300 (summarizing legislative history of constitutional amendment).
As a result of the 1980 amendments, the removal provision of the State Constitution now provides, in pertinent part:
 [I]n all suits or actions at law . . . pending in any of the courts of law in this State which have jurisdiction over the cause or case, in addition to the suggestion in writing of either of the parties to the cause or case that the party cannot have a fair and impartial trial in the court in which the cause or case may be pending, it shall be necessary for the party making the suggestion to make it satisfactorily appear to the court that the suggestion is true, or that there is reasonable ground for the same; and thereupon the court shall order and direct the record of the proceedings in the cause or case to be transmitted to some other court, having jurisdiction in the cause or case, for trial. . . .
Article IV, § 8(c) (2003 Repl. Vol.) (emphasis added). Thus, a party who invokes the removal provision of the State Constitution must convince the court that there is a reasonable basis for believing that the party will not receive a fair and impartial trial in the jurisdiction in which the case was filed. Neither party has an absolute right to a change of venue. The Maryland Rules also allow a circuit court to grant a change of venue for other reasons. See Rule 2-327(c)-(d) (discretionary changes of venue permitted for "convenience of the parties and witnesses" and when different actions involve common questions of law or fact); Cobrand v. Adventist Health Care, Inc.149 Md. App. 431, 816 A.2d 117 (2003) (applying rule).
In our view, Article IV, § 8 could be amended to allow for an automatic right of removal without offending the federal constitution. There is now only one circuit court in Baltimore City and there thus would be no difference in treatment between litigants who would seek removal from Baltimore City and those who would seek removal from other jurisdictions. An automatic removal right would thus not raise the equal protection concerns that caused the Court of Appeals in Davidson to hold the former right of removal unconstitutional.
B. Statutory Provisions
Venue of medical malpractice actions is determined by the statutes governing civil actions. See Annotated Code of Maryland, Courts Judicial Proceedings Article, §§ 3-2A-06(h), 6-201. No statute currently addresses the removal of medical malpractice actions from one jurisdiction to another. In any event, the existence of such a statute would not preclude the General Assembly from enacting a statutory right of removal if permissible under the State Constitution.
 II Conclusion
In our opinion, Article IV, § 8 of the Maryland Constitution precludes the Legislature from conferring by statute an automatic right of removal on defendants in medical malpractice actions. If that provision were amended to allow for an automatic change of venue, neither the State nor federal constitution would preclude the enactment of such legislation.
J. Joseph Curran, Jr.
Attorney General
Robert N. McDonald Chief Counsel Opinions Advice
[1] The choice of venue was left to the discretion of the judge originally assigned to the case. Davidson, 276 Md. at 65.
[2] The Legislature initially reacted to Davidson by enacting § 6-204 of the Courts and Judicial Proceedings Article, which granted all litigants in certain types of actions an automatic right of removal to another county. However, the Court of Appeals held that Article IV, § 8 of the State Constitution, even though it violated the federal constitution, retained sufficient vitality to prevent the enactment of contradictory State legislation such as § 6-204. See Perkins v. Eskridge, 278 Md. 619,366 A.2d 21 (1976). *Page 182