900 A.2d 301

**Terrence SMITH**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

**No. 1033, Sept. Term, 2005.**

Court of Special Appeals of Maryland.

June 7, 2006.

Robert J. Zarbin (The Jaklitsch Law Group on the brief,) Upper Marlboro, MD, for appellant.

Walter E. Gillcrist, Jr., (Budow and Noble, P.C. on the brief,) Bethesda, MD, for appellee.

Panel: DEBORAH S. EYLER, ADKINS and CHARLES E. MOYLAN, JR. (Retired, Specially Assigned), JJ.

MOYLAN, J.

The appellant, Terrence Smith, sued the appellee, State Farm Mutual Automobile Insurance Company, in the Circuit Court for Baltimore City for the breach of an insurance contract. On June 21, 2005, Judge Kaye Allison granted State Farm's motion, pursuant to Maryland Rule 2–327(c), to transfer the case to the Circuit Court for Montgomery County. On this appeal, Smith contends

1. that Judge Allison abused her discretion in ordering the transfer of the case, and

2. that Judge Allison erroneously denied him a hearing on the transfer.

On March 30, 2002, Smith was a passenger in a car being driven by Ashley Anne Ray that was headed southbound on New Hampshire Avenue in Montgomery County. Ray lost control of the vehicle. The vehicle collided with a guardrail and then, after it crossed the center line, struck an oncoming vehicle driven by Adam Carl Krause. Smith sustained bodily injuries in the collision.

Ashley Ray was insured by the Maryland Automobile Insurance Fund (MAIF) for the liability insurance policy limits of $20,000/$40,000 in coverage. MAIF offered Smith the policy limits of $20,000, and he accepted the offer. State Farm enabled the settlement by waiving its potential right of subrogation against Ashley Ray. Smith then sued State Farm for underinsured motorist benefits predicated on the alleged liability of Ashley Ray. The suit was brought on an automobile insurance policy maintained by Smith's father, also named Terrence Smith, with whom Smith resided in Montgomery County.

State Farm has denied liability and has raised the affirmative defenses of both contributory negligence and the assumption of risk. It has also denied Smith's entitlement to unin-

sured or underinsured motorist benefits under the facts of the case and under applicable law.

On May 19, 2005, State Farm filed a Motion to Transfer Action to the Circuit Court for Montgomery County. On June 21, Judge Allison, upon consideration of State Farm's motion and Smith's "opposition thereto," ordered the case transferred "on the authority of *Stidham v. Morris,* 161 Md.App. 562, 870 A.2d 1285 (2005)." The transfer of the action was pursuant to Maryland Rule 2–327(c), which provides:

(c) **Convenience of the parties and witnesses.** On motion of any party, the court may transfer any action to any other circuit court where the action might have been brought if the transfer is for the convenience of the parties and witnesses and serves the interests of justice.

### The Case For the Transfer

Those paragraphs of State Farm's motion that help to make out a case for the transfer from Baltimore City to Montgomery County are as follows:

1. *Neither Baltimore City nor its citizens has any connection to or interest in this dispute. The accident occurred in Montgomery County,* Maryland; *the parties and witnesses reside in Montgomery County (with one exception);* the insured vehicle was garaged in Montgomery County and *insurance was obtained in Montgomery County,* Maryland. No events relevant to either the liability or damages issues occurred in Baltimore City where the case is pending.

2. *The subject accident occurred* on New Hampshire Avenue near its intersection with Cliftonbrook Lane *in Montgomery County.*

3. According to the Complaint, as well as the Motor Vehicle Accident Report, *the Plaintiff* himself *resides in Montgomery County,* Maryland and was so residing there when the accident occurred. *Plaintiff resided with his father, Terrence Smith, and this claim for underinsurance motorist benefits derives from the Plaintiff's status as a*

*"resident relative" with his father who resided in Montgomery County.*

4. Altogether, there were four people who were witnesses or potential witnesses to the subject accident: Plaintiff Terrence Smith (passenger in Ray vehicle); Ashley Ann Ray (driver of Ray vehicle); Adam Krause (driver of second vehicle); and Richard Reed (witness). According to the Motor Vehicle Accident Report (Exhibit 1 hereto), Ms. Ray lived on Washington Boulevard in Elkridge, Maryland, a town that is located in Howard County. *Besides Ms. Ray, the other three witnesses to the collision all resided in Montgomery County.* In addition to the Plaintiff, *Adam Krause lived* on Armand Lane *in Silver Spring,* and an eyewitness, *Richard Reed, lived* on Tamworth Lane *in Silver Spring.* Thus, all eyewitnesses, or potential eyewitnesses, reside in Montgomery County except Ms. Ray who resides in Howard County not Baltimore City.

5. *After the incident, the Plaintiff was transported by ambulance to Suburban Hospital which is located in Bethesda,* Montgomery County, Maryland. *Plaintiff received all of his medical care in Montgomery County,* to the best of undersigned's knowledge. For example, attached hereto collectively as Exhibit 2 are copies of the first pages of the medical reports generated from each healthcare provider who treated the Plaintiff. It appears from these records that all medical care was administered in Montgomery County. That is, according to records produced to this Defendant in connection with the claim, *Plaintiff received medical care from Suburban Hospital (Bethesda), Montgomery General Hospital (Olney), Phillips and Green, M.D. (Silver Spring), Don Fonatana, M.D. (Chevy Chase), and H. Ryan Kazemi, M.D. (Bethesda). All of these providers are in Montgomery County, Maryland.*

6. In short, besides the fact that the accident itself occurred in Montgomery County, *virtually all of the potential liability and damages witnesses are located in Montgomery County.* And to the extent that there could be (although it is unlikely) contractual issues relevant to this

case, *the Plaintiff is claiming underinsured motorist benefits under a policy issued to Plaintiffs' parents,* Terrence O. Smith and Janet Mr. Smith, who *reside in Olney,* Montgomery County, Maryland. The vehicle insured was a 1989 Toyota Camry which was presumably kept or garaged at the insureds' residence in Montgomery County, Maryland. (Emphasis supplied).

### The Case Against the Transfer

Those paragraphs of Smith's Opposition to the Motion to Transfer that set out reasons for not transferring the case to Montgomery County are as follows:

5. That pursuant to Ann.Code Cts. & Jud. Art. § 6–201, *a Defendant may be sued in a county where "the defendant resides, carries on a regular business,* is employed, or habitually engages in a vocation". Without question, *State Farm regularly carries on business in the City of Baltimore.* Consequently, venue is proper in this Honorable Court.

. . . .

8. As discussed in *Leung,* supra, *the Plaintiff has made a tactical decision in his choice of venue and this choice should not be disturbed unless the moving party can strongly show reasons to support its position.* See also *Simmons v. Urquhart,* 101 Md.App. 85, 643 A.2d 487 (1994).

9. *Plaintiff plans at trial to call Dr. Edward R. Cohen, 2506 St. Paul Street, Baltimore,* Maryland as his expert witness. Dr. Cohen is located in the City of Baltimore and it is more convenient for him to appear at trial conducted in the Circuit Court for Baltimore City than in Rockville, Maryland.

10. In its Motion, the Defendant alleges that it would be convenient for Ashley Ray to appear in Rockville as opposed to Baltimore. According to the police report, submitted by the Defendant as an attachment, *Ms. Ray resides at 7734 Washington Boulevard, Elkridge,* Maryland. Upon checking with Mapquest, it is discovered that Ms. Ray's address

is 14.27 miles from the Circuit Court for Baltimore City while this same address is 31.22 miles from the Circuit Court for Montgomery County: more than double the distance. Clearly, the location of this Honorable Court is more convenient to Ms. Ray than that of Montgomery County. (Emphasis supplied).

## Immediate Appealability

█ Although the denial of a motion to transfer a case on the ground of *forum non conveniens* would be only interlocutory and would not be immediately appealable, the affirmative order of a transfer is subject to immediate appellate review. In *Brewster v. Woodhaven Building and Development, Inc.*, 360 Md. 602, 615–16, 759 A.2d 738 (2000), Judge Raker explained.

[A]n order putting an appellant out of a particular court is also a final judgment. It follows that *an order transferring a case from one circuit court to another*, for proper venue or *for a more convenient forum*, and thereby terminating the litigation in the transferring court, *is a final judgment and thus immediately appealable.* At the same time, *an order denying a motion to transfer is not an immediately appealable final judgment*, because the litigation may continue in the court issuing the order.

(Emphasis supplied). See also *Cobrand v. Adventist Healthcare, Inc.*, 149 Md.App. 431, 437–38, 816 A.2d 117 (2003) ("Because appellants challenge the grant of appellee's motion [to transfer], this case is properly before us on appeal.").

## Transfer on the Basis of *Forum Non Conveniens*

Chief Judge Wilner explained for this Court in *Lennox v. Mull*, 89 Md.App. 555, 562–63, 598 A.2d 847 (1991), that the transfer of a case from one county to another on the basis of *forum non conveniens*, in contrast to a transfer based on actual lack of venue, can be traced to the promulgation of Maryland Rule 2–327(c) in 1984. He further explained that the then new rule was derived from a Federal statute—28 U.S.C. § 1404(a).

This would seem to be confirmed by *the Court's felt need in 1984 to add to that provision* (now codified as Md. Rule 2–327(b)) *Rule 2–327(c), specifically allowing a transfer for the convenience of parties and witnesses.*

. . . .

*Md. Rule 2–327(a) was derived from a Federal statute— 28 U.S.C. § 1404(a).* See Source Note to Rule 2–327. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

(Emphasis supplied).

In *Odenton Development Co. v. Lamy,* 320 Md. 33, 40, 575 A.2d 1235 (1990), Judge Chasanow, after noting the provenance of Rule 2–327(c), pointed out how the federal cases interpreting 28 U.S.C. 1404(a) are highly persuasive authority in Maryland.

Section (c) of Md. Rule 2–327 was derived from 28 U.S.C. § 1404(a). Consequently *the federal law construing § 1404(a) is highly persuasive in our analysis of* the trial court's ruling, which was based on *Md. Rule 2–327(c).*

(Emphasis supplied).

In enunciating, for the first time, the basic guidelines for appellate review of a transfer decision, Judge Chasanow supported each principle with a wealth of supporting caselaw both from the Supreme Court and from lower federal courts.

When determining whether a transfer of the action for the convenience of the parties and witnesses is in the interest of justice, a court is vested with wide discretion. *Norwood v. Kirkpatrick,* 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789, 793 (1955); *King v. Johnson Wax Associates, Inc.,* 565 F.Supp. 711, 719 (D.Md.1983). Section 1404(a) is intended to place discretion in the District Court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22, 31 (1988) (citing *Van*

*Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945, 953 (1964)). It is the moving party who has the burden of proving that the interests of justice would be best served by transferring the action, *Texas Gulf Sulphur Company v. Ritter,* 371 F.2d 145, 147 (10th Cir.1967); *Equitable Bank v. Finn,* 671 F.Supp. 374, 380 (D.Md.1987); *King,* 565 F.Supp. at 719, and a motion to transfer should be granted only when the balance weighs strongly in favor of the moving party. *Akers v. Norfolk and Western Railway Company,* 378 F.2d 78, 80 (4th Cir.1967); *King* at 719. To reach this decision, a court "must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" *Stewart,* 487 U.S. at 30, 108 S.Ct. at 2244, 101 L.Ed.2d at 32.

320 Md. at 40, 575 A.2d 1235.

### The Standard of Appellate Review

In *Wagner v. Wagner,* 109 Md.App. 1, 52, 674 A.2d 1, *cert. denied,* 343 Md. 334, 681 A.2d 69 (1996), Judge Cathell, writing for this Court, sounded the basic theme of appellate deference to the discretionary decision of the trial judge on whether to transfer an action.

*The trial court enjoys wide discretion* in determining whether to transfer an action on the grounds of *forum non conveniens,* and *the reviewing court should be reluctant to substitute its judgment for that of the trial court.*

(Emphasis supplied).

In *Cobrand v. Adventist,* 149 Md.App. at 437, 816 A.2d 117, Judge Sharer stressed the deference that an appellate court extends to the discretionary decisions of a trial judge.

We review a trial court's decision to transfer a case to another venue, pursuant to Md. Rule 2–327(c), under an abuse of discretion standard. "When determining whether a transfer of the action for the convenience of the parties and witnesses is in the interest of justice, *a court is vested*

*with wide discretion." An abuse of discretion is said to occur "where no reasonable person would take the view adopted by the trial court, or when the court acts without reference to any guiding rules or principles." Accordingly, when reviewing a motion to transfer, a "reviewing court should be reluctant to substitute its judgment for that of the trial court."*

(Emphasis supplied).

In *Urquhart v. Simmons,* 339 Md. 1, 17, 660 A.2d 412 (1995), the Court of Appeals similarly observed:

We have held that "[w]hen determining whether a transfer of the action for the convenience of the parties and witnesses is in the interest of justice, a court is vested with wide discretion." *"The forum non conveniens determination is committed to the sound discretion of the trial court ... [and] may be reversed only when there has been a clear abuse of discretion".*

(Emphasis supplied).

### The Allocation of the Burden of Persuasion

As the Court of Appeals explained in *Odenton Development v. Lamy,* 320 Md. at 40, 575 A.2d 1235:

It is the moving party who has the burden of proving that the interests of justice would be best served by transferring the action.

In *Leung v. Nunes,* 354 Md. 217, 224, 729 A.2d 956 (1999), Judge Rodowsky explained that the allocation of the burden of persuasion, in addition to following the general rule of being assigned to the moving party, also subserves the recognized prerogative of the plaintiff to select the forum.

Proper regard for the plaintiff's choice of forum is the reason why "a motion to transfer [from the forum chosen by the plaintiff] should be granted only when the balance weighs strongly in favor of the moving party."

The conclusion in *Leung v. Nunes,* 354 Md. at 229, 729 A.2d 956, was that where the competing factors are in equipoise, the defendant to whom was allocated the burden had, by

definition, failed to carry that burden and the resulting tie would, therefore, go to the plaintiff and the plaintiff's right to choose the forum.

[A]t best, the balancing of factors produces an equipoise, so that the plaintiffs' choice of forum controls.

### The Case at Hand and Stidham v. Morris

Turning to the case at hand, we hold that Judge Allison did not abuse her discretion in ordering that the case be transferred from Baltimore City to Montgomery County. The present case is a virtual clone of *Stidham v. Morris*, 161 Md.App. 562, 870 A.2d 1285 (2005), and the opinion of Judge Krauser in that case is absolutely dispositive of the case now before us. The parallel is so striking that it is strange that Smith makes no mention of the case, particularly after Judge Allison expressly referred to it in her order of transfer.

In *Stidham*, an automobile accident occurred in Baltimore County and the plaintiff lived in Baltimore County, just as in this case the automobile accident occurred in Montgomery County and the plaintiff lived in Montgomery County. In each case, the plaintiff eschewed what might have seemed the logical home county in which to sue and chose, instead, a more distant forum with no significant connection to the case. Judge Krauser began his analysis in *Stidham* by wryly noting, with respect to such a choice:

Bypassing Baltimore County, where he lives and where the automobile accident that is the subject of this lawsuit occurred, appellant brought a negligence action in Prince George's County. *Although no rationale was offered by appellant for his choice of forum, his selection suggests that, while home may be where the heart is, it is not necessarily where the largest recovery lies.*

161 Md.App. at 565, 870 A.2d 1285 (emphasis supplied).

In *Stidham*, Prince George's County had virtually no connection with the case. In the matter now before us, the only *pro forma* connection that Baltimore City has with the case is that the defendant, State Farm, does business in Baltimore

City. State Farm, on the other hand, does business all over the state and would be equally amenable to suit in any county. In *Stidham*, the Prince George's County judge promptly transferred the case from a county with little or no connection to the county with a strong connection to the case.

> Because *Prince George's County has virtually no connection with this matter*, the Prince George's County circuit court promptly granted appellees' request to transfer the case to *Baltimore County*, which *does*.

*Id.* So it is in the case before us. Baltimore City "has virtually no connection with this matter," but Montgomery County "does."

▮▮▮▮ *Stidham v. Morris* set out the appropriate standard of appellate review.

> "*We review a trial court's decision to transfer a case* to another venue, pursuant to [Maryland] Rule 2–327(c), *under an abuse of discretion standard.*" "An abuse of discretion is said to occur where no reasonable person would take the view adopted by the trial court, or when the court acts without reference to any guiding rules or principles." "Accordingly, *when reviewing a motion to transfer, a reviewing court should be reluctant to substitute its judgment for that of the trial court.*"

161 Md.App. at 566, 870 A.2d 1285 (emphasis supplied).

Judge Krauser pointed out that, in assessing the advisability of a requested transfer, there are two "overarching" areas of concern and that neither may be ignored.

> In deciding a motion to transfer, *we*, as do the federal courts, *consider two overarching factors: "convenience" and "the interests of justice"*. *See Cobrand*, 149 Md.App. at 438, 816 A.2d 117. "[T]he 'convenience' factor requires a court to review the convenience of the parties and the witnesses." *Id.* at 438 n. 5, 816 A.2d 117. "The 'interests of justice' factor requires a court to weigh both the private and public interests; the public interests being composed of

'systemic integrity and fairness.' " *Id.* (*citing Odenton,* 320 Md. at 40, 575 A.2d 1235).

161 Md.App. at 568, 870 A.2d 1285 (emphasis supplied).

 "Private interests" concern such factors as the convenience of witnesses, particularly lay witnesses.

> Private interests include "[t]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."

*Id.*

 The public interest is no less a concern and must also enter into any transfer decision.

> *[P]ublic interests include,* among other things, *considerations of court congestion, the burdens of jury duty, and local interest in the matter.* "*Jury duty,*" the Court of Appeals has stressed, "*is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.*" And, as for "local interest," that Court has observed, "*[t]here is a local interest in having localized controversies decided at home.*"

161 Md.App. at 569, 870 A.2d 1285 (emphasis supplied). See also *Cobrand v. Adventist,* 149 Md.App. at 438–41, 816 A.2d 117.

*Stidham v. Morris* recognized that the plaintiff's prerogative of choosing a forum is due appropriate deference, but noted that less deference is due when the plaintiff is not a resident of the forum he chooses.

> Although ordinarily a "proper regard for the plaintiff's choice of forum" should be given, "*less deference*" *should be accorded that choice when the plaintiff is not a resident of the forum he chooses.*

*Id.* (emphasis supplied). In this case, Smith was not a resident of Baltimore City. He was a resident of Montgomery County

■ Deference to the plaintiff's choice is even further discounted when the forum initially chosen by the plaintiff has no meaningful connection to the suit.

And such *"deference is further mitigated if a plaintiff's choice of forum has no meaningful ties to the controversy* and no particular interest in the parties or subject matter."

*Id.* (emphasis supplied). In this case, Baltimore City had no connection with the controversy and no interest in any of the parties or the subject matter.

■ The *Stidham v. Morris* analysis made it clear that although a plaintiff's choice of a forum is a factor to be considered, it may be overridden by other factors.

[B]ecause appellant is a resident of the transferee jurisdiction, Baltimore County, *his choice* of Prince George's County, which "has no meaningful ties to the controversy and no particular interest in the parties or subject matter," *is entitled to little deference and thus little weight when the factors for and against transfer are weighed. Offsetting whatever minimal weight is attributable to appellant's choice,* under the circumstances of this case, *is the fact that, in addition to being appellant's residence, Baltimore County is the place where the accident occurred.*

*Id.* (emphasis supplied).

■ What *Stidham v. Morris* had to say about the public interest factors would apply with equal pertinence to the case before us.

*"Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation."* Furthermore, *"[t]here is a local interest in having localized controversies decided at home."* In short, the people of Baltimore County have a direct interest in what occurs on Baltimore County roads; the people of Prince George's County do not.

161 Md.App. at 571–72, 870 A.2d 1285 (emphasis supplied). In this case, the burden of jury duty ought not to be imposed on the people of Baltimore City who had "no relation to the litigation." The "people of [Montgomery] County have a direct interest in what occurs on [Montgomery] County roads; the people of [Baltimore City] do not."

The balance also tips strongly in favor of the transfer when the convenience of the witnesses and the parties is considered. The accident occurred in Montgomery County. The plaintiff, Smith, resides in Montgomery County. The defendant, State Farm, can be sued anywhere. The driver of the vehicle in which Smith was riding lives in Howard County, between Baltimore City and Montgomery County. The driver of the other vehicle lives in Montgomery County. The other witness to the accident lives in Montgomery County. In that State Farm is asserting the defenses of contributory negligence and assumption of risk, those witnesses may, indeed, need to be called.

State Farm may also challenge Smith's coverage under his father's policy. The father lives, with Smith, in Montgomery County. The insurance policy was issued to the father in Montgomery County.

After the accident, Smith was taken by ambulance to Suburban Hospital in Montgomery County. He subsequently received medical care from four separate health care providers, all of whom are in Montgomery County. Smith's announced intention of calling an expert medical expert strongly indicates the likelihood that these witnesses may be called.

### The Relative Convenience Of Expert and Lay Witnesses

The only allegation that Smith makes with respect to a Baltimore City connection is that he plans to call, as an expert witness, a doctor whose office is in Baltimore City. In *Cobrand v. Adventist*, we affirmed the decision of Prince George's County Circuit Judge William D. Missouri to order a transfer from his county to Montgomery County. We quoted at length

from his ruling, with apparent approval. Part of Judge Missouri's analysis was:

*I don't consider experts as being disadvantaged, regardless of where they have to travel. They're experts and they have chosen that as part of their profession, that testifying as experts in cases is something that is desirable and, obviously, is also necessary for the transaction of court business. But the experts have made their decision as to what they are going to do. It's the person who is not a "professional witness" that I am concerned about.*

149 Md.App. at 435, 816 A.2d 117 (emphasis supplied). Smith's allegation about his possible expert is entitled to some weight, but not much.

## A Hearing Is Not Required

▋ Smith also contends that Judge Allison erroneously denied him a requested hearing on the issue of the transfer. He cites Rule 2–311(f). *Odenton Development v. Lamy*, 320 Md. at 41, 575 A.2d 1235, expressly referred to Rule 2–311(f), as it held that a hearing is not always required and the decision as to whether one is necessary is entrusted to the discretion of the trial judge on a case-by-case basis.

*The trial judge could properly conclude that all, or almost all, of the witnesses would be from Anne Arundel County.* Indeed, this conclusion was ultimately proven to be correct since five of the six witnesses who testified at trial were from Anne Arundel County. And while it might have been a better practice to hold a hearing, *the rules do not mandate a hearing on a motion to transfer. Maryland Rule 2–311(f). We therefore find that the transferring court did not abuse its discretion either in declining to hold a hearing* or in transferring the case to the Circuit Court for Anne Arundel County for the convenience of the parties and witnesses.

(Emphasis supplied). We see no abuse of discretion on the part of Judge Allison in this regard.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.